UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BALJIT SINGH,

    Plaintiff,

v.

AGUILERA NICOLAS, et al.,

    Defendants.

No. 2:18-cv-1852 KJM KJN P

ORDER

    Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. On November 21, 2018, the undersigned issued an order referring to his action to the Post-Screening ADR Project and staying this case for 120 days. (ECF No. 18.) This action is now set for a settlement conference on March 19, 2019.

    On November 19, 2018, plaintiff filed a motion for leave to file an amended complaint. Although the motion for leave to amend was filed before the order staying this action, the motion for leave to amend is vacated without prejudice to its refiling following the settlement conference, if appropriate.[1]

---

[1] This action proceeds on the original complaint filed June 28, 2018. The original complaint raised two claims: 1) defendants provided inadequate medical care for plaintiff's skin disorder; and 2) defendant Nicolas failed to treat plaintiff's ear infection. On October 31, 2018, the court dismissed plaintiff's claim against defendant Nicolas for failure to treat plaintiff's ear infection on grounds that plaintiff failed to exhaust administrative remedies as to this claim. (ECF No. 15.) In the motion to amend, plaintiff alleges that he has now exhausted administrative remedies as to his

1

After this action was stayed, defendants filed an answer to the complaint. (ECF Nos. 20, 21.) Plaintiff also filed a response to the answers and a motion for appointment of counsel. (ECF No. 25.) Because this action is stayed, the parties shall file no further pleadings. Plaintiff's motion for appointment of counsel is vacated without prejudice to its refiling following the settlement conference, if appropriate.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 25) and motion for leave to file an amended complaint (ECF No. 17) are vacated without prejudice to their refiling following the March 19, 2019 settlement conference.

Dated: January 17, 2019

_KENDALL J. NEWMAN_
UNITED STATES MAGISTRATE JUDGE

sing1852.31

kc

---

claim against defendant Nicolas for failing to treat his ear infection. (ECF No. 17 at 1.) Plaintiff alleges that he began exhausting administrative remedies as to this claim when he mailed his first level grievance on September 26, 2018, i.e., after he filed the original complaint on June 28, 2018. Plaintiff alleges that he mailed out his third level appeal regarding this claim on November 13, 2018.

In this case, the date of the original complaint is the "proper yardstick" for exhaustion purposes. See Cano v. Taylor, 739 F.3d 1214, 1220 (9th Cir. 2014). In Cano, the Ninth Circuit held that new claims based on actions that took place before an original complaint was filed are not barred so long as the claims are exhausted prior first to the filing of the amended complaint. Id. However, because plaintiff's original complaint and first amended complaint assert the same claims, the rule of McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002) controls: exhaustion must have occurred prior to the filing of the original complaint. See Fields v. Director of CDCR, 2: 18-cv-653 MCE KJN P, ECF No. 19 at 2-3. Therefore, it appears that plaintiff's claim that defendant Nicolas failed to treat his ear infection should be raised in a separate civil rights action because plaintiff exhausted administrative remedies as to this claim after he filed the original complaint.